# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-916V
(Filed: May 21, 2014)

| | |
|---|---|
| LILO HAMPER,   )   <br>  ) <br>  ) <br>Petitioner,  ) <br>  ) <br>v.  ) <br>  ) <br>SECRETARY OF THE DEPARTMENT  ) <br>OF HEALTH AND HUMAN SERVICES,  ) <br>  ) <br>Respondent.  ) <br>  ) | UNPUBLISHED <br><br> Stipulation of Fact; <br> Attorneys' Fees and Costs |

## UNPUBLISHED DECISION[1]

On May 21, 2014, the parties filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, Petitioner had informally submitted a draft application for attorneys' fees and costs to Respondent for review. Upon review of Petitioner's application, Respondent raised objections to certain items. Based on subsequent discussions, Petitioner amended her application to request $30,935.71 in attorneys' fees and costs and $210.18 for costs incurred by Petitioner, amounts to which Respondent does not object. The Court awards these amounts.

On December 28, 2012, Lilo Hamper filed a petition for compensation. In her

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" order will be available to the public. *Id.*

petition, Petitioner alleged that the tetanus-diphtheria-acellular pertussis (Tdap) vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on December 22, 2011, caused her to develop Guillain-Barré Syndrome (GBS).  Petitioner received compensation based upon the parties' stipulation.  *Decision,* filed May 2, 2014.  Because Petitioner received compensation, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

Petitioner seeks a total of **$30,935.71** in attorneys' fees and costs for his counsel (which includes $210.18 for out-of-pocket litigation expenses incurred by Petitioner per General Order #9). Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A sum of $30,725.53 in the form of a check made payable to Petitioner and Petitioner's attorney, Danielle Strait, of the law firm Maglio, Christopher & Toale, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).  An additional sum of $210.18 payable solely to Petitioner for her out-of-pocket expenses.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk shall enter judgment accordingly.[2]

   **IT IS SO ORDERED.**

                                        s/Lisa Hamilton Fieldman
                                        Lisa Hamilton-Fieldman
                                        Special Master

---

[2]  Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.